## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARISSA CHAMURAS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| **Plaintiffs** | ) ) |
| v. | ) Civil Action No.: 5:13-cv-07634 |
| | ) Honorable James Knoll Gardner |
| PAUL R. OBER & ASSOCIATES and PAUL R. OBER, | ) ) |
| | ) |
| **Defendants** | ) ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF

## MOTION FOR ATTORNEYS' FEES AND COSTS

The Plaintiff Charissa Chamuras ("Plaintiff"), by and through her counsel, submits this Memorandum of Law in support of her Motion for an Award of Attorneys' Fees in the amount of $12,383.75 and Costs in the amount of $786.28, for a total of $13,170.03, as provided under 29 U.S.C. § 216(b).

### I.        FACTUAL AND PRODECURAL BACKGROUND

Plaintiff Charissa Chamuras began working for Defendants Paul R. Ober & Associates and Paul R. Ober (Hereafter "Defendants") in or around June, 2011 as a legal assistant, where she is still employed. *See* Docket Entry 1, ¶ 19. Throughout her employment, Plaintiff regularly was permitted or required to work in excess of forty hours per work-week. Defendants, however, failed to compensate Plaintiff for hours worked in excess of forty hours per work-week. Defendants additionally failed to compensate Plaintiff at a rate of one and one-half times her regular hourly rate for hours worked in excess of forty hours per work-week. *Id*, ¶ 21-25.

Specifically, despite maintaining records of the exact moments that employees began and ended daily work, as well as the duration of unpaid lunch breaks via a timekeeping system (*Id.*, ¶ 29,30,37,38,45,46), Defendants failed to compensate Plaintiff for work she performed prior to her scheduled start time (*Id.*, ¶ 26-34), work that she performed during scheduled one hour unpaid lunch breaks (*Id.*, ¶ 35-42), and work that she performed after her scheduled "end time" (*Id.*, ¶ 43-50).

Plaintiff, believing that her right to compensation for work performed for her employer was being violated, retained counsel in or around October, 2013. Plaintiff's counsel, upon review and analysis of all available documents provided by Plaintiff, agreed that Defendants had failed to properly compensate Plaintiff.

Plaintiff filed her Complaint on December 30, 2013, seeking redress for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Pennsylvania Minimum Wage Act of 1968 (hereinafter "the MWA"), 43 P.S. §§ 333.101, *et seq.*; and the Pennsylvania Wage Payment and Collection Law (hereinafter "the WPCL"), 43 P.S. §§ 260.1, *et seq.* as described above. *See* Docket Entry 1. Defendants answered on January 27, 2014, denying Plaintiff's allegations. *See* Docket Entry 3. Plaintiff received Defendants' Offer of Judgment concurrently with Defendants' Answer, on January 27, 2014. Plaintiff, upon consultation with counsel, filed her acceptance on February 4, 2014. *See* Docket Entry 5. Defendants' Offer of Judgment provides in relevant part as follows:

> Judgment in favor of Named Plaintiff against Defendants on Named Plaintiff's Complaint and all causes of action alleged therein in the total sum of Six Thousand dollars ($6,000), exclusive of attorneys' fees and costs accrued to date which the Court may determine.

*See Id.* Under this agreement, Plaintiff receives the full amount that she would have been able to obtain had this matter proceeded to trial, without reduction. The Offer of Judgment also

provides for Plaintiff to receive reasonable attorneys' fees and costs as determined by the Court. Hence, Plaintiff now files the present motion for her fees and costs.

## II.    FEES SOUGHT BY PLAINTIFF

In the present Motion, Plaintiff seeks compensation for her reasonable attorneys' fees and costs as provided for in Defendant's Rule 68 Offer of Judgment and 29 U.S.C. § 216(b). Three attorneys expended time on this matter, including partner Joshua P. Rubinsky, and associates Amy E. Galer and Brian R. Dilks-Brotman. Time was additionally expended by paralegal Adriana Siligrini. Using rates similar to those approved recently for Plaintiff's Counsel by Pennsylvania state and U.S. District Courts,[1] the fees would be billable at Plaintiff's Counsels' regular hourly rate in the amount of $475.00 for Joshua P. Rubinsky, Esquire, the hourly rate of $295.00 for Amy E. Galer, Esquire, the hourly rate of $225.00 for Brian Dilks-Brotman, Esquire, and $110.00 per hour for paralegal work.

Partner Joshua P. Rubinsky performed 2.8 hours of billable work on this matter at the reasonable rate for an attorney of his skill, reputation, and experience of $475 per hour, for a total of $1,330.00 billed in this matter. Associate Amy E. Galer performed 3.2 hours of billable work on this matter at the reasonable rate for an attorney of her skill, reputation, and experience of $295 per hour, for a total of $944.00 billed in this matter.  Associate Brian Dilks-Brotman performed 43.71 hours of billable work on this matter at the reasonable rate for an attorney of his skill, reputation, and experience of $225 per hour, for a total of $9,834.75. Additionally, Paralegal Adriana Siligrini performed 2.5 hours of billable work at a reasonable rate of $110 per

---

[1] *See Kearney v. First Transit, Inc.*, No. 2:12-cv-00149 (E.D. Pa.).; and *Moore et al. v. Courtland II, Inc., et al* No. 002154 October Term 2011 (Philadelphia County C.C.P.)

hour, for a total of $275.00. The amount billed by Plaintiff's attorneys and legal staff totaled

$12,383.75, for 52.21 total hours of legal work.[2] *See* Exhibits A through E.

In addition, costs were expended for the filing of the complaint, LexisNexis research,

subpoena service, and postage, totaling $786.28. *See* Exhibit "E". Plaintiff seeks total

compensation in the amount of $13,170.03.

In light of the procedural and factual history set out more fully above, the fees and costs

are reasonable given the task undertaken by Plaintiff's Counsel, the result obtained, the

contingent nature of the representation, and the time and effort devoted thereto.

### III.   PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS

The Offer of Judgment specifically provides for Plaintiff to receive reasonable attorneys'

fees and costs, as determined by the Court. *See* Docket Entry 5. Additionally, 29 U.S.C. § 216(b)

provides that the court *shall* "in addition to any judgment awarded to the plaintiff or plaintiffs,

allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29

U.S.C.A. § 216(b). *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001);

*Williams v. Securitas Sec. Servs.* USA, 2012 U.S. Dist. LEXIS 160092 (E.D. Pa. Nov. 8, 2012);

*Jackson v. Art of Life, Inc.*, 2012 U.S. Dist. LEXIS 6023 (E.D. Pa. Jan. 18, 2012); *Lyon v.*

*Whisman*, 1994 U.S. Dist. LEXIS 20542 (D. Del. Dec. 8, 1994). The Pennsylvania State wage

laws additionally contain statutory fee-shifting and cost-shifting provisions, providing that a

court in actions brought under these provisions *shall* allow costs for reasonable attorneys' fees

and costs to be paid by the defendant. *See* 43 P.S. § 260.9a, and 43 P.S. §333.112.

---

2  Plaintiff has removed 7.63 hours of work ($1,592.50) performed on this case from the request for fees due to potential duplication and matters not appropriately billed. This represents a reduction of greater than 10%. Of work performed. See Exhibit "B", attached hereto.

As noted by the Philadelphia Court of Common Pleas in *Braun v. Wal-Mart Stores, Inc.*, No. 3127 March Term 2002, and *Hummel v. Wal-Mart Stores, Inc.*, No. 3757 August Term 2004 (Phila. C.C.P.) (Bernstein, J.), the purposes of the state wage law fee-shifting provision are to ensure  a) that workers with wage claims can retain counsel;  b) that workers are fully compensated for their unpaid wages without having counsel fees subtracted from their recovery; c) that attorneys will be adequately compensated for pursuing wage claims on behalf of hourly paid employees;  d) that honest employers are not competitively disadvantaged by employers who fail to properly pay their employees or who unreasonably dispute those employees' wage claims; and e) enforcement of public policy that proper payment of all wages be made when due. *Braun*, Findings of Fact and Conclusions of Law Regarding Plaintiff's Petition for Attorneys' Fees and Reimbursement of Expenses, *slip op.*, ¶ 163, p. 18.

Here, by virtue of the Offer of Judgment, Defendants have stipulated to the submission of reasonable attorneys' fees and costs to the Court. *See* Docket Entry 5. As will be demonstrated below, the fees and costs hereby requested by Plaintiff's Counsel are reasonable and appropriate under the "lodestar approach", which is the preferred method of valuing an attorney's services in this Court. *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. Pa. 2001)*, citing Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,478 U.S. 546, 92 L. Ed. 2d 439, 106 S. Ct. 3088 (1986).

## IV.    FEES ARE REASONABLE BASED ON A "LODESTAR" ANALYSIS

The "lodestar approach" is the preferred method of valuing an attorney's services in this Court. *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. Pa. 2001)*, citing Hensley*

*v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,478 U.S. 546, 92 L. Ed. 2d 439, 106 S. Ct. 3088 (1986)Under the lodestar approach, a court first determines the "lodestar", or the number of hours reasonably expended multiplied by a reasonable hourly market rate. *See Henslve v. Eckerhart*, 461 U.S. 424, 433 (1983); *In re Unisys Corp.*, 886 F. Supp. 445, 458 (E.D.Pa. 1995), citing *Lindy Brothers Builders, Inc. of Philadelphia v. American Radiators & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973). *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir. 1996); *D'orazio* v. *Wash. Twp.,* 2012 U.S. App. LEXIS 21399 (3d Cir. N.J. Oct. 16, 2012). "This calculation provides an objective basis on which to make an initial estimate of a value of a lawyer's services." *In re Unisys Corp.*, 886 F. Supp. at 458, citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The lodestar that results from multiplying the total number of hours reasonably expended by a reasonable rate is presumptively valid. *See Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir. 1996); *Signora v. Liberty Travel, Inc.*, 886 A.2d 284, 293 (Pa. Super. 2005), 581 Pa. 716 (Mar. 23, 2007).

In determining the reasonability of hours spent, this Court has considered the following factors: the time and labor required; the level of skill required to adequately perform the legal service; the prevailing market rate in the legal community; whether the fee is fixed or contingent; the results obtained; and the experience, reputation, and ability of the attorneys. *See Public Interest Research Group v. Windall,* 51 F.3d 1179, 1185 (3rd Cir. 1995), citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

## A. __The Time and Labor Required__

In this matter, Plaintiff has at all times maintained that Defendants failed to compensate Plaintiff for hours worked in excess of forty hours per work week, and that Defendants additionally failed to compensate Plaintiff at a rate of one and one-half times her regular hourly rate for hours worked in excess of forty hours per work week, despite having maintained records of the exact moments that employees began and ended daily work, as well as the duration of unpaid lunch breaks via a timekeeping system. *See* Docket Entry 1. In order to evaluate Plaintiff's claim for accuracy and potential damages, Plaintiff's Counsel was required to perform extensive initial interviews with Plaintiff, as well as time and labor intensive review, analysis, and calculations based upon wage and hour documents provided by Plaintiff. *See* Exhibit C.

After comprehensive review and analysis of available documents, Plaintiff's Counsel prepared the Complaint, which set forth specific facts in detail, and alleged violations of the FLSA, 29 U.S.C. §§ 201 *et seq.*; the MWA 43 P.S. §§ 333.101, *et seq.*; and the WPCL, 43 P.S. §§ 260.1, *et seq.* The Complaint was filed on December 30, 2013. *See* Docket Entry 1.

Based on the assertions by other current and former employees of Defendants who spoke with Plaintiff's Counsel, who will remain unnamed at present to protect them from potential retaliation, this Action was initially filed as a Collective Action. Thus, Plaintiff's Counsel expended time on research and drafting documents associated with filing for and preserving Conditional Certification of a Collective Action, and Notice to Potential Collective Class Members. *See* Exhibits A through E. Although these documents were ultimately not filed, because filing and maintaining this Action as a Collective Action was reasonable, the time spent on research and preparation of documents related to pursuit of a Collective Action was nevertheless reasonable. *See Zavodnick v. Gordon & Weisberg, P.C.*, 2012 U.S. Dist. LEXIS

78868  at *19 (E.D. Pa. June 6, 2012) (Time spent preparing a Motion for Default Judgment and supporting papers was reasonable though the documents were never filed).

Additionally, as Plaintiff was at the time of filing, and continues to be, a current employee of Defendants, her reasonable concerns about potential retaliatory action by Defendants resulted in multiple and frequent occasions in which Plaintiff's Counsel corresponded with Plaintiff regarding potential instances of retaliation, and her right to continue work free of retaliation under 29 U.S.C. § 215(a)(3). Plaintiff additionally had reasonable concerns regarding the contours of navigating an ongoing working relationship with an employer against whom she had a pending complaint, for which she sought and received advice from Counsel. *See* Exhibits A through E.

On January 27, 2013 Defendants concurrently filed a corporate disclosure statement and Answer (*See* Docket Entries 3 and 4), and presented Plaintiff with an Offer of Judgment as well as additional wage and hour records, all of which were reviewed and analyzed by Plaintiff's Counsel. After careful review, Plaintiff's Counsel conferred with Plaintiff to review the offer with Plaintiff, and to ensure that she fully understood the offer and her rights thereunder. After thorough consultation with counsel, Plaintiff accepted the offer, filing her Notice of Acceptance on February 6, 2014. *See* Docket Entry 5.

As demonstrated above, the time and labor performed by Plaintiff's Counsel on this matter were both reasonable and necessary. Plaintiff's Counsel used their knowledge and experience in the area of wage and hour litigation to expend time and effort and effectively and efficiently as possible, while keeping billed time to a minimum. In addition, the bulk of the legal work performed on this case was performed by the firm's most junior associate, Brian Dilks-Brotman, at the firm's lowest billable rate for attorney's work. Plaintiff's Counsel made all

possible efforts at all times to keep time spent on this matter minimal and reasonable. *See* Exhibits A through E.

### B.  The Skill, Experience, Reputation, and Ability of Plaintiff's Attorneys to Perform Legal Services Properly

**Joshua Rubinsky** is an experienced attorney with specialized skills in the areas of labor and employment law and litigation.  Upon admission to the Pennsylvania Bar in 1986, he established a private practice emphasizing plaintiffs' employment law, wage claims and ERISA. In 1991, Mr. Rubinsky became a partner in what is now the Philadelphia firm of Brodie & Rubinsky, P.C.  He has served as lead counsel in class action suits, multiple party litigations, and representation of labor organizations, including multiple Fair Labor Standards Act and Pennsylvania wage claims.  Mr. Rubinsky has been assisted in this litigation by associates and paralegals from his law firm.  Attached to this Petition as Exhibit "F" is Mr. Rubinsky's affidavit setting forth his legal experience.

**Amy Galer** of Brodie & Rubinsky, P.C.  has practiced wage and hour and labor law since graduating from Temple University School of Law in 2008.  Before attending law school she worked in a financial capacity for a number of different small businesses, including bookkeeping, payroll, insurance and human resources.  Prior to receiving her law degree, she served as law clerk and then after passing the Pennsylvania bar as counsel on the following wage cases *Anna Thomas, et al., v. Total Health Home Care Corporation, et al.*; No. 002493 (Philadelphia County C.C.P.);  *Rios, et al., v. Berkshire Building Systems, Inc., et al.*, No. 07-1503 (E.D. Pa.); *Neymer, et al., v. Philadelphia Coach, Inc., at al.*, No. 3799 January Term 2008 (Philadelphia County C.C.P.);  *Ronald Rooney, et al., v. PC Helps Support, LLC, et al.*, No. 08-2093 (E.D. Pa.); *Kearney v. First Transit, Inc.*, No. 2:12-cv-00149 (E.D. Pa.) and *Olsen, et al. v.*

*Sodexo, Inc., et al.* No. 2010-C-6112 (Lehigh County C.C.P.); and *Moore et al. v. Courtland II, Inc., et al* No. 002154 October Term 2011 (Philadelphia County C.C.P.). These cases all were litigated and settled under the FLSA, the Pennsylvania WPCL, and/or the Pennsylvania MWA.

In addition, she is currently co-counsel on the following cases in active litigation:  ; *Bishop, et al., v. Lee's Industries, Inc.*, No. 1937 December Term 2007 (Philadelphia County C.C.P.); and *Hernandez, et al. v. Ashley Furniture Industries, Inc., et al.*, Civil Action No. 10-5459 (E.D. Pa.). Attached to this Petition as Exhibit "G" is Ms. Galer's affidavit setting forth her legal experience.

**Brian Dilks-Brotman** has practiced wage and hour and labor law since graduating from Rutgers-Camden School of Law in 2011. He has served as co-counsel in *Kearney v. First Transit, Inc.*, No. 2:12-cv-00149 (E.D. Pa.); *In Re Art of Life, Inc.*, No 12-10596 (Bankr. E.D. Pa.); *Moore et al. v. Courtland II, Inc., et al* No. 002154 October Term 2011 (Philadelphia County C.C.P.); and *Olsen, et al. v. Sodexo, Inc., et al.* No. 2010-C-6112 (Lehigh County C.C.P.), which were litigated and settled under the FLSA, the Pennsylvania WPCL, and/or the Pennsylvania MWA. In addition, he is currently co-counsel in *Bishop, et al., v. Lee's Industries, Inc.*, No. 1937 December Term 2007 (Philadelphia County C.C.P.). Attached to this Petition as Exhibit "H" is Mr. Dilks-Brotman's affidavit setting forth his legal experience.

## C. <u>Prevailing Market Rate in Legal Community</u>

"A reasonable hourly rate is calculated according to the prevailing market rates in the community." *See Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223,225 (3d. Cir. Pa. 1997), quoting *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir. 1996); *Blum v. Stenson*, 465 U.S. 886, 895 (U.S. 1984); See Also *Rainey v. Philadelphia Housing Authority, et al.*, 832 F. Supp. 127, 129 (E.D.Pa. 1993);  *Swaayze v. Philadelphia*

*Housing Authority, et al.*, Civil Action No. 91-2982, 1992 WL 81598, at *2 (E.D.Pa. Apr. 16, 1992).

Attached to this Petition as Exhibit "I.1" is a schedule of hourly rates for Philadelphia-area attorneys published on June 23, 2011 by Philadelphia Community Legal Services, Inc. (Hereafter "CLS").[3]  The Fee Schedule published by CLS has frequently been accepted by this Court as indicative of reasonable rates for attorneys in the Philadelphia area. *See Maldonado v. Houstoun,* 256 F.3d 181, 187 (3rd Cir. 2001); *Farley v. Phila. Housing Authority,* No 01-1294, 2002 U.S. Dist. LEXIS 11390, 2002 WL 32348272 (E.D. Pa. Apr. 29, 2002).  According to the Fee Schedules attached as Exhibits "I.1" and "I.2", the rates proposed by Plaintiff's Counsel are reasonable. [4]

Further, as noted above, the rates proposed by Plaintiff's Counsel in the instant petition have previously been determined by this Court and Pennsylvania State courts to be reasonable. *See Kearney v. First Transit, Inc.*, No. 2:12-cv-00149 (E.D. Pa.); and *Moore et al. v. Courtland II, Inc., et al* No. 002154 October Term 2011 (Philadelphia County C.C.P).

## D.  Contingent Fee

Where counsel's fees are contingent upon the success of the case, the fee award should compensate counsel for the risk of receiving no compensation. *See Blum v. Stenson*, 465 U.S. 886, 903 (1984); *Hall v. Borough of Roselle,* 747 F.2d 838, 843 (3d. Cir. 1984). "Lawyers operating in the marketplace can be expected to charge a higher hourly rate when their compensation is contingent on success than when they will be promptly paid, win or lose." *Blum v. Stenson*, 465 U.S. 886, 905 (1984).

---

3 < http://clsphila.org/about-cls/attorney-fees>, Accessed February 6, 2014. These rates do not reflect any adjustment for contingency. Additionally, attached as Exhibit "I.2", "The Survey of Law Firm Economics, 2010 Edition, Metropolitan Area Report for Philadelphia-Camden-Wilmington", ALM Legal Intelligence, 2010
4 *See* Declaration of Alice W. Ballard, Esquire, attached hereto as "Exhibit J".

Here, as with many wage and hour cases under FLSA, 29 U.S.C. §§ 201 *et seq.*; the

MWA 43 P.S. §§ 333.101, *et seq.*; and the WPCL, 43 P.S. §§ 260.1, *et seq*, the fee is contingent

upon the success of the case. Plaintiff's Counsel assumed the risk of receiving no compensation

for time and effort expended on this matter, and are therefore entitled to an increased hourly rate.

## E.  <u>Results Obtained</u>

An award of Attorney's fees in an FLSA action need not be proportionate to, and should

not be reduced based on the amount of damages recovered.

> If fee awards were limited to a percentage of damages in FLSA cases, employers
> effectively could withhold compensation due which was less than the amount generally
> required successfully to sue for it. This would undermine the important public interest in
> ensuring fair compensation and decent labor conditions which underlies the FLSA.

*See Griffin v. Leaseway Deliveries, Inc.*, 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992),

aff'd without opinion, *Griffin v. Leaseway Deliveries, Inc.*, 941 F.2d 1201 (3d Cir. Pa. 1991);

citing *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495 (6th Cir. Ohio

1984).

Here, Defendants offered Judgment in the amount of $6,000. This amount is an excellent

result for Plaintiff. Therefore, Plaintiff's Counsel should be entitled to their full fees and costs.

## V.     CONCLUSION

Plaintiff respectfully requests this Court award Attorneys' fees in the amount of $12,383.75 and

costs in the amount of $786.28, for a total of $13,170.03.

Respectfully Submitted,

**BRODIE & RUBINSKY, P.C.**

By:

Joshua P. Rubinsky, Esquire
Attorney I.D. No. 46496
Brian Dilks-Brotman, Esquire
Attorney I.D. No. 312024
121 South Broad Street, Suite 800
Philadelphia, Pennsylvania  19107
Email: rubinsky@brodierubinsky.com
Email: b.dilks-brotman@brodierubinsky.com
Telephone:     (215) 925-1470
Facsimile:      (215) 925-3748
Attorneys for Plaintiff

**DATED:** February 25, 2014